UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN G. FELDER,<br><br>                              Plaintiff,<br><br>              - against -<br><br>UNITED STATES TENNIS ASSOCIATION,<br>and REED SMITH, LLP,<br><br>                              Defendant. | **OPINION AND ORDER**<br><br>17 Civ. 5045 (ER) |

Ramos, D.J.:

        *Pro se* Plaintiff Sean G. Felder brings this action against the United States Tennis

Association ("USTA") and Reed Smith, LLP ("Reed Smith," and together with the USTA,

"Defendants"), alleging race discrimination, age discrimination, and retaliation.  Plaintiff initially

filed his Complaint only against the USTA on July 5, 2017.  Doc. 2.  On May 25, 2018, the

USTA moved to dismiss the Complaint, Doc. 28, and on October 30, 2018, the Court dismissed

Plaintiff's claims under the New York State Division of Human Rights ("NYSDHR") and the

Age Discrimination Employment Act of 1967 ("ADEA").  Doc. 46 ("October 30 Order").

However, the Court granted Plaintiff leave to re-plead his claims under Title VII of the Civil

Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981").  *Id.*  Plaintiff filed his

Amended Complaint against both the USTA and Reed Smith on December 6, 2018.  Doc. 49.

Pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint.

Doc. 55.  For the reasons set forth below, Defendants' motion to dismiss with prejudice is

GRANTED.

## I.    FACTUAL BACKGROUND[1]

Plaintiff alleges AJ Squared Security ("AJ Security"), the company that provides security services to the United States Open Tennis Tournament in Queens, New York, hired him on August 26, 2016 to work that year's tournament. Doc. 36 at 1. The USTA subcontracts with Contemporary Securities Services, Inc. ("CSC") to staff tennis events in the United States, including the US Open. Doc 31-4 at 2-3. AJ Security appears to be a subcontractor of CSC. Doc. 31-4 at 2-3; Doc. 31-5 at 3.

After he was hired by Terrance Rauls, his supervisor at AJ Security, Plaintiff went to the credentials office at Flushing, Queens to pick up his 2016 US Open Credentials the same day but was told there were no credentials for him. Doc. 31-2 at 12; Doc. 32 at 1; Doc. 36 at 1. In regards to the status of his credentials, Mr. Rauls allegedly later informed Plaintiff that the "USTA retaliated due to the 8/3/10 complaint [against] CSC Security." Doc. 31-2 at 12; Doc. 25 at 2. This statement refers to a lawsuit Plaintiff filed against CSC in 2012 concerning a prior alleged incident of racial discrimination. Doc 31-1 at 11. In the Amended Complaint, Plaintiff claims the reason he was denied employment is that the USTA is racist and that he is being "blackballed" for speaking out in the past against CSC. Doc. 49 at 8.

Furthermore, Plaintiff alleges the Defendants "harassed [him] or created a hostile work environment." *Id*. at 5. Plaintiff includes the names of four witnesses he claims wish to testify against the USTA and the names of two USTA officials who should be subpoenaed. *Id*. at 8. He requests relief in the form of "direct[ing] the defendant to hire [him]" and "direct[ing] the

---

[1] In the Amended Complaint, Plaintiff restates all of the allegations contained in the Original Complaint.

In determining the sufficiency of Plaintiff's Amended Complaint, however, the Court will consider the allegations of race discrimination and retaliation set forth in both the Original Complaint and the Amended Complaint. As the allegations contained in the Original Complaint were discussed in detail in the October 30 Order, the parties' familiarity with those factual allegations is presumed.

defendant to promote [him]." *Id*. at 6. Plaintiff believes he is entitled to money damages because the "USTA made false allegations against [his] integrity [and] character." *Id*. In his Amended Complaint, Plaintiff listed Reed Smith, LLP, the law firm representing the USTA, as the second defendant. However, Plaintiff does not attribute any action, comment or direction by the firm anywhere in the Amended Complaint.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss Standard

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the counterclaim as true and draw all reasonable inferences in the counterclaimant's favor. *See Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). However, the Court is not required to credit legal conclusions, bare assertions, or conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681, 686 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a [counterclaim] must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the counterclaimant "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The counterclaimant must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the counterclaimant has not "nudged [its] claims . . . across the line from conceivable to plausible," the counterclaim must be dismissed. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 570).

**B. *Pro Se* Plaintiff**

The same standard applies to motions to dismiss in cases brought by *pro se* plaintiffs.

*Davis v. Goodwill Indus. of Greater New York & New Jersey, Inc.*, 2017 WL 1194686, at *5

(S.D.N.Y. 2017) (citing *Zapolski v. Fed. Repub. of Germany*, 425 F. App'x 5, 6 (2d Cir. 2011)).

The Court remains obligated to construe a *pro se* complaint liberally, and to interpret a *pro se*

plaintiff's claims as "rais[ing] the strongest arguments that they suggest." *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d. Cir. 2006) (citing *Pabon v. Wright*, 459 F.3d 241, 248

(2d Cir. 2006)).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies

with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of*

*Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197,

200 (2d Cir. 2004)).  Nevertheless, "*pro se* status 'does not exempt a party from compliance with

relevant rules of procedural and substantive law.'" *Triestman*, 470 F.3d at 477 (quoting *Traguth*

*v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  To survive a motion to dismiss pursuant to Rule

12(b)(6), a *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-

unlawfully-harmed me accusation." *Iqbal*, 556 U.S. at 678.  A *pro se* complaint that "tenders

naked assertion[s] devoid of further enhancement" will not suffice. *Id.* (internal quotations

omitted) (quoting *Twombly*, 550 U.S. at 557).

## III.    DISCUSSION

In his Amended Complaint, Plaintiff asserts claims of race discrimination, age

discrimination, and retaliation pursuant to Title VII, § 1981, the ADEA, and NYSHRL.  For the

reasons discussed below, the claims are dismissed.

**A.  ADEA and NYSHRL Claims**

In the October 30 Order, this Court dismissed Plaintiff's ADEA claim for failure to

exhaust administrative remedies and the NYSHRL claims because they were barred by the

election of remedies doctrine. Doc. 46. Both claims were dismissed with prejudice and Plaintiff

was not granted permission to re-plead them. Yet, Plaintiff reasserts these claims in his

Amended Complaint, exceeding the scope of his leave to amend and violating this Court's

specific directives. Doc. 55. "District courts in this Circuit have routinely dismissed claims in

amended complaints where the court granted leave to amend for a limited purpose and the

plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm

Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012). Therefore, pursuant

to Rule 12(f)[2] of the Federal Rules of Civil Procedure, the Court strikes Plaintiff's ADEA and

NYSHRL claims from the Amended Complaint.

### B. Title VII and § 1981 Claims

Plaintiff's claims of discriminatory and retaliatory failure to hire under Title VII and §

1981 are analyzed under the three-step burden-shifting framework set forth by the Supreme

Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell

Douglas* framework, a plaintiff must first demonstrate a *prima facie* case of discrimination. *Id.*

at 802. In order to do so, a plaintiff must show that: (1) he is a member of a protected class; (2)

he was qualified for the position in question; (3) he suffered an adverse employment action; and

(4) the adverse action took place under circumstances giving rise to an inference of

discrimination. *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010). Of course, an

"essential element of a failure to hire claim is that a plaintiff allege that she applied for a specific

position and was rejected." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 445-

46 (S.D.N.Y. 2018) (citing *Carr v. N. Shore—Long Island Jewish Health Sys.*, 2015 WL

---

[2] Pursuant to Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f).

4603389, at *3 (E.D.N.Y. 2015). *See also Brown v. Coach Stores Inc.,* 163 F.3d 706, 710 (2d. Cir.1998) (internal citation omitted). In the October 30 Order, this Court held that Plaintiff did not adequately allege in his pleadings that he applied for a position with the *USTA* and noted that he appeared to allege that the USTA actually rejected the attempts of AJ Security and/or CSC Security to secure a placement for him at the 2016 US Open.

To hold an employer liable for unlawful employment practices under Title VII, an employer-employee relationship must have existed between the parties at the time of the alleged unlawful conduct. *Kern v. City of Rochester*, 93 F.3d 38, 44-45 (2d Cir. 1996). *See also Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006). The same substantive standards of Title VII also apply under § 1981. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Title VII, by its terms, applies only to "employees," 42 U.S.C. § 2000e(f). This Court held that Plaintiff did not allege that the USTA hired or compensated him, and thus, he could not be considered an employee for the purposes of Title VII.

A plaintiff may also attempt to "assert employer liability against an entity that is not formally his or her employer" under the "single employer" or "joint employer" doctrines. *Arculeo v. On-Site Sales & Mktg., L.L.C.*, 425 F.3d 193, 197 (2d Cir. 2005).

In the October 30 Order, however, this Court held that Plaintiff did not allege that the USTA has such a relationship with either CSC or AJ Security in order to prevail under the single employer doctrine. Plaintiff also did not allege the USTA shared immediate control over him with CSC or AJ Security to succeed under the joint employer doctrine.

The Court finds that Plaintiff has failed to set forth sufficient facts to state plausible claims under Title VII and § 1981. For starters, Plaintiff does not include a single allegation about Reed Smith in his Amended Complaint. The allegations that are included in Plaintiff's

Amended Complaint and December 1, 2018 letter are largely duplicative of the allegations set forth in the Original Complaint. The main differences are that Plaintiff (1) listed Reed Smith as a Defendant; (2) alleges the USTA "harassed [him] or created a hostile work environment"; and (3) requests injunctive relief in the form of directing the defendant to hire him and directing the defendant to promote him for the false allegations made against his integrity and character.

To succeed on a hostile work environment claim, a plaintiff must show that "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment was thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2004). In other words, any incidents giving rise to the hostile work environment claim must have occurred during the plaintiff's *employment*. It is axiomatic that a plaintiff must be *working* to suffer from a hostile *work* environment. In this case, however, Plaintiff was never hired by the USTA and even admits in his letter that the USTA denied him employment on August 29, 2016. Therefore, Plaintiff's hostile work environment claim fails.

In the December 1, 2018 letter attached to the Amended Complaint, Plaintiff alleged he was "blackballed" because of his previous settlement with CSC. He claims AJ Security's supervisor told Plaintiff that USTA denied his credentials because of his legal history with CSC. However, these new allegations do not resolve the issues under Title VII and § 1981 this Court previously identified in the October 30 Order. Plaintiff has failed to demonstrate a *prima facie* case of discrimination under the *McDonnell Douglas* framework to succeed under Title VII and § 1981 claims. Specifically, Plaintiff did not allege he applied for a position with the USTA, nor did he allege that the USTA hired or compensated him in order to be considered an employee. Plaintiff also did not assert any additional facts to prove the USTA shared immediate control

over him with either CSC or AJ Security for the joint employer doctrine. Therefore, Plaintiff's Title VII and § 1981 claims are dismissed with prejudice.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the Amended Complaint with prejudice is GRANTED.[3]  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 55, and close this case.

It is SO ORDERED.

Dated:    April 8, 2019
          New York, New York

Edgardo Ramos, U.S.D.J.

---

[3] In the Amended Complaint, Plaintiff asks that the Court request certain documents from Defendants, including documents related to Plaintiff's work history for a specific period of time. As the Court has dismissed his claims with prejudice, that request is denied.